Nov. Term, 1823.

MARTIN v. RAY.

*Monday, November 17.*

---

## MARTIN and Another v. RAY.

A defendant in replevin, as in other actions, may plead several pleas.

Duplicity in pleading can only be taken advantage of by special demurrer.

A plea that the property of the goods is in a stranger, not in the plaintiff, is a good bar to the action of replevin.

ERROR to the *Dearborn* Circuit Court.—*W. Ray* was the plaintiff below, and *Martin* and *Johnson* the defendants.

BLACKFORD, J.—Replevin. The defendants avow the taking, because the goods were the property of one *A. Ray*, against whom one of them had a judgment, and the other an execution as a constable; and they say *actio non*, because the property of the goods was in *A. Ray*, and not in the plaintiff. General demurrer to the plea, and judgment for the plaintiff.

The defendants, in this case, have improperly crowded into

*Monday, November 17.*

their defence two distinct grounds for resisting the plaintiff's suit. The one is a justification, because of a judgment and execution against a third person, said to be the owner of the goods. The other is simply a plea of property in a stranger. If the defendants wished to rely upon these two distinct matters of defence, they should have made them the subject of two distinct pleas. Several pleas in replevin, as in other actions, are allowed by the statute of Anne. Lawes, 82. So in *New-York.* 14 Johns. R. 84. The spirit of our statute warrants the same practice. The objection here is, not that these matters of defence cannot both be pleaded, but that they must be distinctly and severally pleaded. That, however, is an objection not to the substance, but to the form of the plea, and although well founded, should have been taken advantage of by a special demurrer. 5 Bac. 444.

The avowry, as an answer of itself to the declaration, is bad, for not showing any right under the execution to take the property. But that part of the defence, contained in the plea, of property in a stranger, is conceived not to be liable to any objection. It is a good bar to the action, for it shows that the possession was illegally taken from the defendants by the replevin, and that they had, therefore, a right to a return of the property. *Harrison* v. *M'Intosh*, 1 Johns. R. 380. When the property can be shown to be out of the plaintiff, it is well settled by authority, that he cannot recover in the action of replevin. The plea in such case goes to the point of the action, and entitles the defendant to a return, without avowry. *Butcher* v. *Porter*, Salk. 94 (1).

The plea before us, therefore, contains matter substantially well pleaded, sufficient to destroy the plaintiff's action. The demurrer should have been overruled.

*Per Curiam.*—The judgment is reversed, and the proceedings subsequent to the joinder in demurrer are set aside, with costs. Cause remanded, &c.

*Caswell*, for the plaintiffs.

*Dunn*, for the defendant.

(1) The defendant in replevin may plead property in himself or in a stranger, either in abatement or in bar. 1 Chitt. Pl. 434, 5. The plea in abatement of property in a stranger is as follows:—"And the aforesaid *T. F.* by *A. B.* his attorney, comes and defends the force and injury when, &c. and prays judgment of the aforesaid writ, because he saith, that the property of the said three cows in the declaration aforesaid specified, at the said time when, &c.

was in one *C. D.;* without this, that the property of the said cows, at the same time when, &c. was in the aforesaid *E. T.* as by the writ aforesaid is above supposed; and this, &c.: wherefore he prays judgment of the writ aforesaid, &c." 1 Went. 74. For a plea in abatement of property in the defendant, vide 1 Went. 48.

The plea in bar of property in a stranger is as follows:—"And the said *C. D.* by ———— his attorney, comes and defends the wrong and injury when, &c. and says, that the said *A. B.* ought not to have or maintain his aforesaid action thereof against him, because he saith that the said corn, horses, beasts, wagons, carts, harrows, ploughs, drays, harness, bricks, cattle, goods, and chattels, at the said time when, &c. were the property of one *C. J.* and not of him the said *A. B.* as by the said declaration is above supposed; and this he the said *C. D.* is ready to verify; wherefore he prays judgment if the said *A. B.* ought to have or maintain his aforesaid action thereof against him, he also prays a return of the said corn, horses, beasts, wagons, carts, harrows, ploughs, drays, harness, bricks, cattle, goods, and chattels, together with his costs in this behalf, according to the form of the statute in such case made and provided, to be adjudged to him, &c." 3 Chitt. Pl. 527. For a plea in bar of property in the defendant, vide 2 Chitt. Pl. 558.