May Term,
1837.

WALPOLE
v.
SMITH.

WALPOLE *v.* SMITH.

✓In replevin for the unlawful detainer of goods, *non cepit* is not a good plea:
the general issue in such case is *non detinet.*

✓To sustain replevin, the plaintiff must have a general or special property in
the goods, and a right to their immediate possession.

✓A constable levied an execution on certain goods of the debtor, and delivered
them for safe-keeping to the creditor. Before the return-day of the execu-
tion, and whilst the goods were so situated, the execution and levy were
set aside. The constable, afterwards, demanded the goods of the creditor,
who refused to deliver them. *Held,* that the constable, for the want of
property in the goods, could not maintain replevin for them *against the*
creditor.

*Wednesday,*
*May 31.*

ERROR to the *Marion* Circuit Court.

DEWEY, J.—Replevin for the unlawful detention of cer-
tain goods and chattels. Pleas, *non cepit; non detinet;*
property in defendant; property in one *Lang.* Demurrer to
*non cepit*, and joinder. Issues upon the other pleas. Demurrer
sustained. Issues of fact submitted to the Court, and judgment
for plaintiff; exception by defendant.

The facts are as follows:—*Walpole* obtained a judgment be-
fore a justice of the peace against *Lang.* Execution issued
upon it, which was placed in the hands of *Smith*, a constable,
to be executed. He levied upon the chattels in dispute, and
left them in the possession of *Walpole.* The property belong-
ed to *Lang.* While it remained in the possession of *Walpole*,
and before the return-day of the execution, the latter was
quashed by the justice, the levy set aside, and the execution
recalled; all which appears by the return of the execution
made by *Smith.* After these proceedings, *Smith* demanded
the property of *Walpole*, and, on his refusal to deliver it to
him, brought this action.

The only questions presented for our consideration are, is
the plea of *non cepit* well pleaded? and does the evidence show
such an interest in *Smith* in the goods in contest as to enable
him to sustain this suit?

At common law the gist of the action is a tortious taking.
That fact of course is put in issue by *non cepit.* But our sta-
tute enlarges the remedy, and extends it to unlawful detention
of the personal property of another (1). This action is founded

\

upon the statute, and the declaration properly conforms to the modified character of the remedy. The unlawful detention is the gist of the action. *Non cepit* tenders an immaterial issue. It was properly overruled by the Court. *Non detinet* is the proper general issue in this form of replevin. Whether it puts in issue any more than the unlawful detention, is unnecessary now to be considered.

The other point arising in this case—that of the right of *Smith* under the evidence to sustain the action—is of a more doubtful character.

The books contain a great number of cases, in which the right of property has been decided in the various actions of trespass, trover, and replevin. In considering the *kind of interest* necessary to support the latter, some of the decisions have ranked it with trespass, some with trover, and others again have distinguished it from both, classing trover and trespass together. All, however, *American* and *English*, with one exception, have concurred in one point as to the defence in replevin—that property in a stranger is a good plea. The exception is to be found in the argument, rather than adjudication, of the Supreme Court of *New-York*, in the case of *Rogers* v. *Arnold*, 12 Wend. 30. It is there contended, that in replevin and trover, as well as in trespass, the defence of property in a stranger to be valid, must go one step further, and connect the interest of the defendant with that of the stranger. That this is true in regard to the latter form of action, which is founded upon *possession*, is readily granted. But that the same doctrine can be applied to the two former, which are based upon *property*—and so admitted to be in the opinion in question— is not so easily perceived.

And it also seems to be no easy task to clear from the charge of inconsistency, those decisions which have held that mere naked possession, without the right of property general or qualified, is sufficient to maintain replevin, and at the same time have conceded that the plea of property in a stranger, without further averment, is a good defence. To say that possession is *prima facie* evidence of the right of property does not remove the difficulty. As it is only *prima facie*, it may be rebutted and destroyed by testimony showing that the real title is elsewhere. It is not upon the principle that possession

39

May Term, 1837.

WALPOLE
v.
SMITH.

is *prima facie* evidence of title, that trespass *de bonis asportatis* can be sustained. It is that the tortious taking of goods is an injury to the possession itself. The right of property, therefore, in that action can only be urged by the true owner, or some one claiming under him. This doctrine we believe not to be applicable to replevin, and that to apply it to that action would be inconsistent with the well-settled rule that property in a stranger is a good defence. That trover and replevin can be sustained by bailees presents no difficulty. Bailees have a qualified property in the subject of bailment. It is founded on contract.

But it is unnecessary to pursue this subject, and to attempt, by an analysis of the conflicting cases, to preserve the distinguishing feature of the action of replevin in regard to the kind of interest necessary to support it—a task of much labour and some difficulty. The result has been anticipated. This Court has heretofore decided that, to sustain the action, there must be either a general or special property and the right of immediate possession in the plaintiff. 2 Blackf. R. 172.—3 id. 348. These decisions are fully sustained by the following authorities. 1 Inst. 145 b.—18 Vin. Abr. 577, 8, 9.—10 Mod. 25.—Selw. N. P. 4th Am. ed. 364.—2 Stark. Ev. 5th Am. ed. 714.—3 Pick. 255.—3 Greenl. 183.—5 Mass. 303 (2).

*Smith*, by the levy of the execution, acquired a special property in the goods, which continued while the execution remained in force, and ceased when that, together with the levy, was set aside by the justice. With the extinguishment of his special property, his right of action ceased; for a bailor cannot sue his bailee for a return, after his right of property in the thing bailed has been destroyed. 4 Bingh. 106. So soon as the lien acquired by *Smith* in consequence of his levy was done away, the right of possession reverted to *Lang*, in whom was the general right of property. This event occurred before *Smith* made the demand upon *Walpole* for the goods. At no time before he made the demand had he a cause of action, because until then there was no detainer; and he had none afterwards, because his right of property ceased from the time of quashing the execution.

We are of opinion that *Smith* could not sustain this action.

*Per Curiam.*—The judgment is reversed, and the proceed-

ings subsequent to the issues in fact set aside, with costs. May Term,
Cause remanded, &c.                                                1837.

    *J. B. Ray* and *W. Quarles*, for the plaintiff.                    Cummins
    *H. Brown*, for the defendant.                                    v.
                                                 Walden.

(1) Rev. Code, 1831, p. 424.   Accord. Rev. Stat. 1838, p. 476.
(2) Vide note to *Litterel* v. *St. John*, this term, *post.*