Dewey, J.
Replevin by Bargis and wife against Gentry. The declaration alleges the goods and chattels detained to belong to the plaintiffs, and lays joint damages. The defendant pleaded, 1st, Property in one Tolhehn; 2d, Property in himself; and, 3d, A justification under an execution against Tol-helm on which the defendant, as a constable, seized the goods and chattels in question in. the possession of Tolhelm, and as his property. The plaintiffs replied to the first two pleas, property in themselves, upon which there were issues of fact; and they demurred to the justification generally. The Court sustained the demurrer, and rendered an interlocutory judgment for the plaintiffs. Upon the issues of fact, the jury found a part of the property to belong to the plaintiffs, and a part to the defendant; judgment accordingly. On the trial, the defendant claimed the right to open the cause, but the Court gave it to the plaintiffs.
*As to the demurrer, we think the Court decided correctly that the plea was bad. It was no answer to the declaration to say that the defendant, acting as a constable under the execution, found the goods and chattels in the possession of the execution-debtor, and took them as his property. This might be true, and the property still belong to the plain *279 tiffs, as they allege. The plea should have contained an averment, that the property did actually belong to the execution-defendant.
But the demurrer reaches the declaration, and it becomes necessary to examine whether that be sufficient. It alleges a joint ownership of the goods and chattels in the plaintiffs; but it does not show the manner of the wife’s interest. It is in general true that husband and wife can not, during coverture, be the joint proprietors of personal property. The interest of the wife is transferred by the marriage to the husband. But there are instances in which they may join in replevin. This is the case where the property of the wife has been wrongfully taken or detained while she was sole. But when they join in this action, the special reason for making the wife a party must appear in the declaration; her title must be shown. If this is not done, the declaration is bad upon general demurrer. Bull. N. P., 53; Bac. Abr. Replevin, G.; Serres et ux. v. Dodd, 2 N. Rep., 405. It is true, in this last case the ctemurrer was special in form, but the cause assigned, that the right of the wife to join in the action was not shown, went to the substance of the declaration, and the Court sustained the demurrer on that ground. The declaration in the record merely alleges that the goods and chattels belonged to the plaintiffs; it entirely omits to show how the wife was interested, and is, therefore, substantially defective. The judgment of the Court should have been for the defendant upon, the demurrer.
There was no error in permitting the plaintiffs to open the cause to the jury. A plea of property in a stranger, or .the defendant, is not in confession and avoidance of the action; it does not admit the allegation in the declaration, that the property belongs to the plaintiff, but denies it. It is in the nature of a special traverse; it states by way of inducement, that the property belongs to a stranger, or the defendant, *and traverses the ownership of the plaintiff. This throws the burthen of proof on the plaintiff, and entitles him to begin and close the cause to the jury. 3 Stark. Ev., 1295.
J. S. Nelvman, for the plaintiff.
J. B. Julian, for the defendants.
The Circuit Court, after having given a general charge to the jury, refused some specific charges asked for by the defendant, on the ground that they had been already given in the general charge. We think the fact was so. The plaintiff in error conceives the general charge contained an instruction, that when a vendor of goods remains a long time in possession after the sale, if the vendee shows he paid a valuable consideration for the property, that, of itself, is sufficient to rebut the presumption of fraud arising from the continued possession of the vendor. One part of the charge, indeed, seems to be liable to this construction. But taken as a whole, we do not think it conveys that idea, but leaves the consideration given by the vendee to be weighed, among other circumstances, by the jury in forming a conclusion on the question of fraud in the sale. We think the instructions to the jury viewed as a whole were correct, and not calculated to mislead the jury. The judgment, however, must be reversed on the ground already stated.
Per Curiam.—The judgment is reversed with costs. Cause remanded, &c.