May Term,
 1848.

SIMCOKE
v.
FREDERICK.

SIMCOKE v. FREDERICK and Another.

A writ of replevin, addressed to the sheriff, was delivered to, and executed by, the coroner. A motion was made to quash the writ. The Court permitted the plaintiff to amend the writ by substituting the word "coroner" for "sheriff" in the address. *Held*, in this there was no error.

The defendant pleaded, 1st. Property in *C. absque hoc*, that the goods were the property of the plaintiffs; 2d. He avowed the taking of the goods by virtue of a *fi. fa.* in favor of *D.* against *C.*, whose goods he averred those in controversy were. A motion was made to reject the 2d plea which was overruled. *Held*, that it was a nominal avowry, amounting to only a plea of property in *C.*, and should have been rejected on motion.

The object of an avowry is not to deny property in the plaintiff, but to set up some legal right in the defendant to take the property in dispute without regard to its ownership.

The plaintiff in replevin must recover, on the strength of his own title, and, when it is not admitted by the pleadings, it must be proved.

*Friday,*
*May 26.*

ERROR to the *Whitley* Circuit Court.

PERKINS, J.—Replevin against the sheriff of *Whitley* county. The writ in the case, though delivered to, and executed by, the coroner, was addressed to the sheriff. For this cause, on affidavit of the fact, a motion was made by the defendant in the Circuit Court, at the term at which the writ was returned, to quash it; whereupon the plaintiffs interposed a motion for leave to amend by substituting "coroner" for "sheriff" in the address of the writ. The Court overruled the motion to quash, and sustained that for leave to amend. In this there was no error. *Weaver* v. *Jackson*, 8 Blackf. 5.

The defendant pleaded, 1. Property in one *Job G. Vandewater*, *absque hoc*, that the goods were the property of the plaintiffs; and 2. He avowed the taking of the goods by virtue of a writ of execution called a *fi. fa.* in favor of one *Benjamin Gardner* against said *Job G. Vandewater*, whose goods he averred those in controversy were. A motion was made to reject this, so called, avowry, which was overruled. It should have been sustained. This nominal avowry amounted to nothing more than a plea of property in *Job G. Vandewater*, and, as there had already been a plea to that effect pleaded, the one in question should have been rejected on motion. *Mann* v. *Perkins*,

4 Blackf. 271. Whether this avowry was substantially defective as a plea of property in a stranger for want of a traverse of property in the plaintiffs, we shall not now inquire. See *Prossor* v. *Woodward*, 21 Wend. 205.— *Walpole* v. *Smith*, 4 Blackf. 304. The office of an avowry is, not to deny property in the plaintiff, but to set up some legal right in the defendant to take the property in dispute without regard to its ownership, as, that it was subject to distress for rent, damage feasant, &c. The pretended avowry, in this case makes no attempt to show such a right, and, as we have said, amounts, at best, to nothing more than a plea of property in a stranger. *Mann* v. *Perkins, supra.*—*Martin* v. *Ray*, 1 Blackf. 291.— *Harris* v. *McFaddin*, 2 id., 71.—*Wright* v. *Mathews, id.*, 187.—*Larkin* v. *Wilburn, id.*, 343.—*Given* v. *Blann*, 3 id., 64.

Replications to the pleas of property in *Vandewater* were filed, re-affirming the allegation in the declaration that the goods were the property of the plaintiffs, upon which replications there were issues. These issues were submitted to a jury and, upon their trial, the Court instructed as follows: "The jury must be satisfied, from the evidence in the whole case, that the property in the goods was in *Job G. Vandewater*, or the plaintiffs will be entitled to a verdict."

This instruction was wrong. The plaintiff in replevin, as in trover, ejectment, &c., must recover upon the strength of his own title; and when that title is not admitted by the pleadings, it must be proved. Under the issues in this case, the title of the plaintiffs was denied, and the burden of proving such a title as would support the action of replevin, was upon them. The plea of *non-cepit* in replevin admits property in the plaintiff. The plea of property in the defendant, or in a stranger, does not. 1 Smith L. C. 2 Ed. 266.—*Prosser* v. *Woodward, supra.*— *Walpole* v. *Smith, supra.*—*Bargis* v. *Gentry*, 6 Blackf. 261.

If, therefore, it was not shown in this case that the property in the goods was in *Vandewater*, still the plaintiffs

May Term, 1848.

were not entitled to recover without proof of property in themselves.

*Per Curiam.*—The judgment is reversed—cause remanded, &c.

*H. Cooper*, for the plaintiff.