## NOBLE *v.* EPPERLY.

In a suit, under the R. S. 1852, to recover the possession of personal property, if, under the issues, the defendant, in the event of success at the trial, would be entitled to a return of the property, the jury may find the value of the property, and damages for the detention thereof; and in case they omit to do so, the Court may direct them to supply such omission.

If, in a suit under the R. S. 1852, to recover the possession of personal property, the defendant pleads property in himself, he is entitled, on a verdict in his favor, to a return of the property, and also to damages.

The amount of damages, in such case, depends upon the defendant's interest in the property, whether as bailee, or absolute owner, the time he had been deprived of it, its character, &c.

Where, on the trial of a cause, a written agreement between the parties comes up collaterally, merely as evidence, and is sought to be used to the injury of one of the parties, its true character may be shown by parol evidence.

APPEAL from the *Wayne* Circuit Court.

PERKINS, J.—Replevin, by *Noble* against *Epperly*, for a quantity of corn, cattle, &c. The suit was commenced and brought to issue before the new code of practice came into force, but tried afterward. Pleas, *non detinet* and property in the defendant. Replication to the second plea, reaffirming the allegation in the declaration of property in the plaintiff, and denying property in the defendant. The issues were submitted for decision to a jury, and a general verdict returned for the defendant. The Court declined to receive the verdict, and remanded the jury to their room to consider further of the value of the property replevied, and of the damages. Subsequently the jury returned a second verdict, finding for the defendant, and that the property in question was of the value of 367 dollars and 50 cents, and the damage for its detention 120 dollars.

The Court denied a new trial.

The first error assigned consists in the Court remanding the jury to consider of the value of the property and the damage for its detention.

Our statute, (2 R. S., p. 122, s. 374,) enacts, in reference to this class of actions, that "where the property has been delivered to the plaintiff, and the defendant claims a return thereof, judgment for the defendant may be for the return of the property, or its value in case a return can not be had, and damages for the taking and withholding of the property."

This enactment shows that where the issues are such that the defendant, in the event of success at the trial, would be entitled to a return of the property, there the jury may find the value of the property, and damages; and that, failing to do so, it could scarcely be error in the Court to direct them to supply the omission. In the case

before us, the defendant would, if successful at the trial, be entitled to a return of the property. He pleaded property in himself and not in the plaintiff; and in *Martin v. Ray*, 1 Blackf. 291, the Court say, "when the property can be shown to be out of the plaintiff, it is well settled by authority, that he can not recover in the action of replevin." The plea of property in a stranger, therefore, they say, "goes to the point of the action, and entitles the defendant to a return without avowry, because it shows the property to have been 'illegally taken from' him." *A fortiori*, does a plea of property in the defendant so entitle him; and here the plea was property in the defendant himself. The defendant, then, being entitled to a return of the property, was entitled also to some amount of damages; but how great would depend upon his interest in the property, whether as bailee or absolute owner, the time he had been deprived of it, its character, &c. See *Pierce v. Van Dyke*, 6 Hill (N. Y.) R. 613.

It is objected that the damages awarded were not authorized by the evidence. The articles of property wrongfully taken in replevin were, corn of the value of 37 dollars and 50 cents, five cows and calves, one steer, two heifers, two bulls, and six horses. They were detained about two years and a half from the defendant, who, the jury may have believed, was the absolute owner of them, and who was a farmer keeping and using the articles upon his farm at the time they were taken. Their value has been already stated. We think, upon these facts, the jury might assess the damages, and that the assessment made, considering the character of the property, was low enough.

Objections are made to instructions asked and refused, to instructions given, and to the admission of one item of testimony.

All the evidence not being upon the record, we find it somewhat difficult to appreciate the force of the objections.

We gather from the record that *Epperly* was, at a given date, the undisputed owner of the property in question; that an execution came out against him upon which the property was sold, *Noble* being the purchaser; that at that

time *Noble* and *Epperly* were engaged together upon some terms (but what is a matter of dispute) in pork-packing; that it was upon the strength of the purchase at said execution-sale that this replevin was brought, and that the evidence upon the trial tended to support, 1. The hypothesis that *Noble* purchased the property at sheriff's sale for himself, and with his own funds; 2. The hypothesis that he purchased it with the funds of *Epperly*, and for him, as his agent; and 3. That he purchased it with funds belonging to *Noble* and *Epperly*, as partners in the pork business, without any special agreement as to how the money was to be settled for by *Epperly*.

Now, after carefully looking over the numerous instructions given, we can not say that they did not fairly put the case to the jury upon the different hypotheses and cover all the ground upon which instructions were required. Indeed, those given are objected to by counsel only in the following words:

"We insist that the following instructions given by the Court, to-wit—[here the numbers of the instructions are set down]—are vague, illegal and improper, and should not have been given."

Now this assertion is very positive and broad, and cost the counsel but little labor to make it; yet it would have been much more satisfactory to the Court, and might have had more influence upon the decision of the cause, had it been followed by an exposition showing wherein the instructions were vague, illegal and improper. Without such exposition the assertion is of little force.

As tending to disprove the truth of the third hypothesis, *Noble* offered in evidence an agreement between himself and *Epperly*, entered into before operations were commenced, stating that they were not partners in the pork business, but that *Noble* was proprietor and *Epperly* agent.

The Court permitted the subscribing witness to testify in regard to the agreement as follows:

"The object of the parties in entering into this article was to prevent *Epperly's* creditors seizing upon the pork when in bulk for his debts, and prevent the parties from

being able to pay the debts they had incurred in purchasing it. This was *Noble's* reason. He said he would not have anything to do with it unless he was made perfectly safe, as he did not want to involve himself with *Epperly's* debts. The ground-work of the conversation between the parties was, to help or relieve *Epperly*, as *Noble* said."

And touching this point, the Court gave instruction number nine, one of those objected to with most justice, as being "vague, illegal and improper." It reads thus:

" Upon the subject of partnership, the written agreement made between the parties and presented in evidence, can not be, by parol evidence, altered, explained, or varied in the terms thereof from the writing itself. Neither can any parol agreement between the parties before or at the time of the executing of the agreement between the parties, be regarded as varying its terms; and it must be received by the jury as the terms of the partnership. It is, of itself, the depository of all facts it purports to be the depository of; but the jury may regard such independent and collateral facts and circumstances as shall go to show that the instrument was discharged, or never acted upon, or has not the force, effect and application intended to be proven by it, in the hands of the party offering it."

Had this suit been upon the agreement in question, or to enforce some right growing out of the pork-packing operation, perhaps *Epperly* would have been estopped, however much it might have been to his disadvantage, to show that the instrument did not express its real intention, but was designed to cover a different purpose. Such, however, is not the character of this suit. And where, as in this case, the agreement comes up collaterally, merely as evidence, and is sought to be used to the injury of one of the parties, we think its true character may be shown by parol evidence.

*Per Curiam.*—The judgment is affirmed, with 1 per cent. damages and costs.

*J. Perry, J. S. Newman* and *J. P. Siddall,* for the appellant.
*C. H. Test, J. Ryman* and *O. P. Morton,* for the appellee.