May Term, 1860.

JOHNSON
v.
CHISSOM.

---

### JOHNSON and Wife *v.* CHISSOM.

If a wife, in anticipation of the issues of her separate real property, purchase personal property, and execute a promissory note therefor jointly with her husband, the property may be taken on execution against the latter.

APPEAL from the *Tippecanoe* Court of Common Pleas.

Friday, June 8.

HANNA, J.—*Elizabeth Johnson* and *Abijah Johnson*, her husband, sued for the recovery of two horses, alleged to be the separate property of said *Elizabeth*.

The defendant answered by a general denial. The Court made a special finding, in writing, of the facts and conclusions of law thereon, and a general finding for the defendant.

It is insisted that the conclusion of law and the general finding and judgment are wrong, upon the special finding of the facts of the case, which was, in substance, that *Elizabeth* owned a farm, upon which the family resided; that *Abijah* was insolvent; that one *Johnson* sold the horses to *Elizabeth*, who, together with her husband, signed a note therefor; that the credit was given to *Elizabeth;* that said *Elizabeth* and *Abijah* were husband and wife, and lived together; that the horses were of the value of 335 dollars, and were levied upon by said defendant, as sheriff of *Tippecanoe* county, by virtue of an execution on a judgment against said *Abijah*, &c.

The record does not show any objection to the introduction of evidence.

The judgment was for the defendant, that he was entitled to the possession, and for 335 dollars.

The record shows that the property was delivered to the said *Elizabeth* by the sheriff, upon her executing a bond, &c.

The finding and judgment for the defendant is attempted to be sustained on the ground that although, by the statute of 1853, the rents and profits arising out of the real estate of the wife belong to her as her separate property; yet whenever she changes it by purchasing other property, such other property becomes the property of the husband, and is subject to his debts.

We think the conclusion of the Court was right. All the matters in evidence, and all the portions of the finding of the Court, in regard to the fact that the female plaintiff owns real estate, &c., appears to us to really have very little to do with the construction which is to be given to the contract of purchase of said horses. The plain proposition is, that a man and wife signed a note for a pair of horses. That act did not make the debt a specific charge upon her separate property. Whether she is at all chargeable, as to her separate property for that debt, is a question not before us, and about which we intimate no opinion; nor whether she could, with the issues of her property, after the same should be received, purchase other property. But what we do decide is, that the statute does not give her the power expressly to purchase and hold property, as her own, in anticipation of those issues or profits. And as the statute does not confer that power, we think the rules of law existing prior to the passage of the act still obtain, as to the purchase made in this case, under the circumstances, and that the purchase resulted in vesting the title in the husband, and subjected the property to his debts.

*Per Curiam.*—The judgment is affirmed with 2 per cent. damages and costs.

J. M. La Rue and —— Royse, for the appellants.