*Thomas L. Smith* and *M. C. Kerr*, for appellant.

*R. & H. Crawford*, for appellees.

———o———

## DUNKIN *v.* McKEE.

REPLEVIN.—The levy of an execution gives to the officer, while the execution remains in his hands, such a special property in the goods levied upon as will enable him to maintain replevin for them, or defend the possession thereof against one not the owner.

APPEAL from the *Putnam* Common Pleas.

ELLIOTT, J.—*Nancy Dunkin*, the appellant, sued *McKee*, the appellee, to recover the possession of personal property. *McKee* answered: 1. General denial. 2. Property in himself. 3. Property in *David Dunkin*, husband of plaintiff. 4. Justifying the taking and detention, as sheriff of *Putnam* county, by virtue of an execution in his hands in favor of *William S. Collier*, and against *David Dunkin*, and averring it to be the property of said *David*.

Replication in denial. Trial by the court, by agreement. Finding, as to part of the property, that "it is the property of the defendant, and is of the value of $1,560; and that the defendant have a return of the same." Motion for new trial overruled, and judgment.

The only point presented here is as to the sufficiency of the evidence to sustain the finding of the court. The real question in litigation on the trial below was, whether the property was the separate property of *Nancy Dunkin*, or whether it belonged to *David Dunkin*, her husband, and therefore subject to the execution in favor of *Collier*.

*McKee*, in truth, claimed no other right to it than that derived through the levy of the execution; and the appellant insists that such special property did not support the finding of property in *McKee*. There is nothing in the objection. The levy of an execution gives to the officer, while the execution remains in his. hands, such a *special* property in the goods levied upon as will enable him to maintain replevin for them. *Walpole* v. *Smith*, 4 Blackf. 304. It follows that he may also, for the same reason, defend the possession against one not the owner. See *Johnson and Wife* v. *Chissom*, 14 Ind. 415. Besides, the execution· and levy were in evidence, and the finding of the court must be presumed, under the evidence, to have reference to such *special* property, as sheriff.

It is urged that, under the law arising upon the facts in evidence, the property, and especially the corn in the field, belonged to the plaintiff, and was not subject to the execution against her husband. The evidence is in the record, and we have carefully examined it, and do not deem it necessary to discuss the question of law as to the separate property of the wife. There seems to have been such a confusion of goods, and the whole case, in all its circumstances, presents so uncomely an aspect, and wears a face so beclouded with the footprints of fraud, as to forbid that we should disturb the finding of the court.

The judgment is affirmed, with costs.

*D. R. Eckles* and *James A. Scott*, for appellant.
*McDonald & Roache*, for appellee.