*H. W. Harrington* and *M. K. Rosebrough*, for appellants.

————————•————————

HUCKLEBERRY *v.* RIDDLE and Another.

EVIDENCE.—CROSS EXAMINATION.—On the trial of an issue between heirs, involving the validity of a deed from the ancestor to a son, the son, who was the defendant, was called by the plaintiffs, and testified that at the time of receiving the deed, he gave to his father a bond for $1,500, conditioned that such part thereof as should not be paid at the father's death should not be enforced, which was delivered to and kept by the father until his death. On cross-examination, it was proposed to prove that the actual consideration of the conveyance was the agreement of the son to maintain the father during his life, and that the bond was intended as a security.

*Held,* that the evidence was competent, and might properly be brought out on cross-examination, as it was matter directly connected with the examination in chief.

APPEAL from the *Clarke* Circuit Court.

FRAZER, J.—This was a suit for partition. The complaint was in two paragraphs. The first alleged that the

plaintiff *Mary* and defendant (appellant) were the only heirs at law of their deceased father, *Martin Huckleberry*, who died intestate in 1866, seized of certain lands in *Clarke* county; that in 1849, the intestate was induced by the defendant to execute a conveyance of the premises to the defendant; that said deed was wholly without consideration; that when said deed was made, the deceased was incapable of making a contract, or taking care of his estate, by reason of great age and failing mind, and was controlled by and subject to the will and under the influence of the defendant, whereby said deed was procured without consideration, and that said deed was never delivered, but had been improperly taken by the defendant. The second paragraph of the complaint is in no material respect different from the first. The answer was in two paragraphs, each of which, either directly, or by way of argument, denied all the allegations of the complaint, except the heirship of the parties, the execution of the deed and *Martin's* death.

The defendant, called as a witness by the plaintiff, testified that at the time of receiving the deed from his father, he gave the latter an obligation for $1,500, without interest, conditioned that if, at the time of his father's death, any portion of that sum should remain unpaid, it should not be enforced. Another bond had first been prepared and signed, similar to the one delivered, except that it did not exclude interest, but by agreement of parties, the other was substituted. It was delivered and kept by his father until his death. The deed and first bond were prepared by one *John C. Huckleberry*, and both presented by him for execution at the same time. On cross-examination, it was proposed to prove by the witness that the actual consideration for the conveyance was his agreement to take care of and support his father during his natural life, and that the bond was intended by the parties as a security for his performance of that agreement. The court refused the evidence, and that ruling is presented for our consideration. It is not controverted by the appellee, as indeed it could not successfully

be, that this evidence was admissible, but it is contended that it was offered at an improper time; that it could not regularly come in upon cross-examination, but should have been reserved until the defendant came to the introduction of evidence in his own behalf; and at any rate it should have been again offered at that time, for the reason that the court below might, and probably would, then have admitted it, inasmuch as it did then admit other evidence tending to prove the same fact. We do not understand that a party, having offered evidence admissible at the time it is offered, and which is then refused by the court, is bound, in order to save the question for a court of errors, to make a subsequent offer of the same evidence. Ordinarily, such a practice might be justly rebuked, as a persistent trifling with the court, whose rulings in a cause, however erroneous they may be deemed, must, for the time being, be respected by counsel as a matter of duty, as they should also be as a matter of courtesy. A decision of this court avoiding the question sought to be presented by the appellant, upon the ground that a second offer of the same evidence might, or probably would have met with better success than the first, would only tend to disturb the orderly course of proceedings in the lower courts, by inviting and justifying, and indeed requiring counsel, when overruled by the judge, to struggle again for the attainment of favorable rulings upon points already adjudged against them. Generally, it is the right of counsel, and not of the court, to determine the order in which a party shall present his evidence. The right is often important to the party, and it need not be stated to experienced members of the bar how embarrassing, not to say fatal, to the correct administration of justice it would often be, were this right denied. True, a court may put itself right; it may, on deliberation, perceive that it has ruled erroneously, and then correct the error. But it is not enough that perhaps it would have done so, if asked. If it do not actually do it, the error remains available to the injured party. We are then required to consider the ques-

tion, was the rejected evidence admissible on the cross-examination? We think it was, under the strictest interpretation ever given to the American rule, that the cross-examination must be confined to the matters drawn out by the party calling the witness. In the case in hand, the testimony adduced upon the examination in chief must have been intended, and clearly had the effect, to create the belief that the consideration for the conveyance was the payment of $1,500, if such payment should be exacted during the lifetime of the grantor, and if not so exacted, then nothing whatever. But the additional circumstances occurring at the very time of those which the witness had stated, would have shown that this was not so; that the obligation to pay money was a mere security, collateral to the actual consideration which induced the conveyance, and which was possibly of much greater value than $1,500. A cross-examination is worth little, if thereby false impressions created by the examination of the party calling the witness may not be corrected by it, by showing additional facts connected with the same subject, in the light of which inferences, otherwise legitimate and natural, would be prevented.

The limitation of the English rule of cross-examination, as established in the *Philadelphia, &c., R. R. Co.* v. *Stimpson,* 14 Peters 448, which has been adopted in this and many other states, does not prevent such a cross-examination, but, on the contrary, sanctions it. It must be confined, in the language of Story, J., in that case, "to facts and circumstances connected with the matters stated in the direct examination." This expression of the rule was approved by this court in *Wright* v. *Gaff,* 6 Ind. 416. In *Patton* v. *Hamilton,* 12 Ind. 256, the cross-examination was restricted "to the subject matter of the original examination." In *Dearmond* v. *Dearmond,* 12 Ind. 455, it was said that "on cross-examination the defendants would have the undoubted right to draw out all that was said at the time in relation to the subject about which the statements sworn to were made."

The same rule must apply as to all that was done at the time in relation to the subject concerning which the witness has testified. In this case, the testimony of the witness related to the consideration for the deed, as it existed at the time of delivery.

The plaintiffs called for such of the facts upon that subject as suited their purpose, and then, by an objection, succeeded in excluding, on cross-examination, other facts relating to the very same subject, which would have materially changed the effect of the evidence already obtained from the witness. We know of no case which will sustain this ruling of the court below.

We are earnestly appealed to to sustain the judgment below, upon the ground that a right result was reached. The evidence, as it appears in the record, has no tendency to impress us with that belief, but quite the contrary. We are not now compelled to say that we would reverse the case upon the evidence, but we do not hesitate to say that the law, as well as the justice of the case, seems to us clearly to demand a new trial.

The judgment is reversed, with costs, and the cause remanded for a new trial.

*C. L. Holstein, T. A. Hendricks, O. B. Hord* and *A. W. Hendricks,* for appellant.

*C. L. Dunham, S. E. Perkins, L. Jordan* and *S. E. Perkins, jr.,* for appellees.