Dubeee, C. J.
 

 This is replevin for a buggy. Tbe defendant pleads
 
 non cepit,
 
 and also tbat tbe property in tbe buggy was in bimself and not in tbe plaintiff. Tbe plaintiff replies tbat tbe property “ was not in tbe defendant, but in bimself tbe plaintiff as in bis declaration averred.” At tbe trial it appeared tbat tbe buggy belonged to tbe plaintiff, but bad been committed by bim to tbe defendant to be repaired. Tbe defendant offered testimony to show tbat be bad repaired and bad not been paid for repairing it, and tbat be was therefore entitled to a lien on it, or a right to retain it, for wbat was due to bim. Tbe plaintiff contended tbat tbe defendant having pleaded tbat tbe property in tbe buggy was in bim, ought not to be permitted to show in support of bis plea tbat be was entitled to anything less than tbe entire property. The court, however, admitted tbe testimony and refused to instruct tbe jury, as tbe plaintiff requested, not to find for tbe defendant unless they found tbat tbe general title or ownership was in bim. Tbe jury found tbe second plea in favor of tbe defendant. Tbe question submitted to us is, whether tbe defendant was entitled to the verdict in bis favor upon proof tbat be bad a lien on tbe property replevied, or a right to. retain it, for wbat was due to bim for repairing it.
 
 We
 
 think be was.
 
 Murray
 
 v. Paisley, 1 Yeates, 197 ;
 
 Lowry
 
 v. Hall, 2 W. & Serg. 129;
 
 Amos
 
 v. Sinnott, 5 Ill. 441. Indeed tbe cases bold that, under pleading like tbat in tbe case at bar, tbe burden is on tbe plaintiff to show property, either general or special, in bimself, such as to give bim tbe right of present
 
 possession;
 
 proof of general ownership, however, being
 
 prima fade
 
 proof of tbe right. 2 Greenleaf on Evidence, § 563 ;
 
 Redman v
 
 .
 
 Hendricks,
 
 1 Sandf. 32;
 
 Britt
 
 v.
 
 Aylett,
 
 11 Ark. 475;
 
 Harwood
 
 v.
 
 Smethurst,
 
 29 N. J. Law, 195 ;
 
 Lester
 
 v.
 
 McDowell,
 
 18 Pa. St. 91;
 
 Walpole
 
 v.
 
 Smith,
 
 4 Blackf. 304;
 
 Bogard
 
 v.
 
 Jones,
 
 
 *505
 
 9 Humph. 739;
 
 Berthold
 
 v.
 
 Holman,
 
 12 Minn. 335;
 
 Rockwell
 
 v. Saunders, 19 Barb. S. C. 473 ;
 
 Collins
 
 v.
 
 Evans,
 
 15 Pick. 63.
 

 Albert R. Greene,
 
 for plaintiff.
 

 B. N. S. S. Lapham,
 
 for defendant.
 

 Exceptions overruled.