No. 8267.

## WILLIAMS *v.* KESSLER.

REPLEVIN.—*Judgment of Return of Property.—Pleading.—Practice.*—A cross complaint or answer specially praying a return of the property to the defendant, in an action of replevin, is not necessary to entitle him to judgment for such return, the general denial being enough.

SAME.—*Default.*—*Affidavit to Set Aside.*—The affidavit of a plaintiff in re-
plevin to set aside a default and judgment against him rendered thereon,
is insufficient if it do not show the nature of his cause of action. A
general statement, that " he has a good cause of action, and believes he
will recover judgment," is insufficient, and the court can not, on motion
to set aside the default, take notice of the affidavit for the writ.

SAME.—*Excusable Neglect.*—A railroad accident caused the loss of a day to
a party *en route* to court, notwithstanding which he could have reached
the place in time for trial, but for the fact that he stopped to get a nec-
essary witness, with whom he had arranged to meet his train of the day
before and go with him, and who had met that train, and by reason of
the delay he was defaulted, and judgment rendered against him.
*Held*, that his neglect was not excusable.

From the Noble Circuit Court.

*J. S. Frazer* and *R. B. Encell*, for appellant.

*A. A. Chapin*, for appellee.

NEWCOMB, C.—The appellant was plaintiff, and the appel-
lee defendant, in an action of replevin in the Noble Circuit
Court. The defendant answered by a general denial, to which
was added a prayer for a return of the property, or the value
thereof in case a return could not be had, and damages for
its detention, etc. The cause was called for trial on October
23d, 1878, and, the plaintiff being absent, his attorney with-
drew from the case. Thereupon, on defendant's motion, the
court defaulted the plaintiff, dismissed his action, and pro-
ceeded to try the cause upon the defendant's answer and claim
for a return, etc., of the property. The result was a finding
of the value of the property, that the defendant was the owner
and entitled to the possession of the same and to recover $50
damages. This was followed by a judgment for a return,
etc., or in case a return could not be had that the defendant
recover the value of the property as found by the court, to-
gether with his damages.

On the next day the plaintiff appeared in court and filed a
motion, supported by the affidavits of himself and counsel,
to set aside the default and judgment. This motion was over-
ruled and the plaintiff excepted.

Two errors are assigned:

" 1. That on the answer filed the court had no authority to proceed with the cause and make a finding and render a judgment in defendant's favor, after the dismissal of the plaintiff's action.

" 2. That the court ought to have sustained the motion to set aside said default and judgment."

The solution of the first question depends on the proper construction of section 2 of the act of March 5th, 1877, amendatory of sections 132 and 374 of the code of practice. We quote so much of section 2 as bears upon the case: " Where the property has been delivered to the plaintiff, and the defendant claims a return thereof, or if the plaintiff dismisses his action, or if he fails to prosecute the same, and the cause is dismissed, judgment for the defendant may be for the return of the property, or its value in case a return can not be had, and damages for the taking and withholding the property." Acts 1877, p. 102.

The ground assumed by appellant is, that to entitle the defendant in such an action to proceed, under the act of 1877, after the plaintiff's action is dismissed, he must have on file a special answer or counter-claim setting forth all the particulars necessary to be averred in a cross action.

We do not think the statute should be thus limited in its operation. Its evident purpose is to prevent advantage from being taken of defendants by abandoning or dismissing such actions after the property has been obtained by the writ, and to give defendants the same rights and remedies where the plaintiff disappears from the case, as where he proceeds to a trial. The general denial, in actions for the recovery of personal property, not only puts the plaintiff to the proof of the allegations of his complaint, but under it the defendant may prove property in himself, or a stranger, because, in this action, the plaintiff must succeed on the strength of his own title, and not the weakness of his adversary's; therefore, any evidence tending to show that the plaintiff is not entitled to

recover can be given by the defendant under the general denial. *Davis* v. *Warfield*, 38 Ind. 461; *Darter* v. *Brown*, 48 Ind. 395; *Wiler* v. *Manley*, 51 Ind. 169.

Under the practice prior to the code, when special pleas were necessary in replevin, it was held that a plea of property in the defendant, or in a stranger, entitled the defendant to a return of the property, if the finding was in his favor, *Martin* v. *Ray*, 1 Blackf. 291; *Noble* v. *Epperly*, 6 Ind. 468.

Under the code, which did not provide for a trial, unless the plaintiff appeared and prosecuted his action, the defendant, in case he claimed a return of the property, and the verdict was in his favor, was entitled to judgment for a return of the property, or its value in the alternative. 2 R. S. 1876, p. 187, section 374. The amendatory statute of 1877 reenacts the same provision, and extends precisely the same remedy to the defendant in case of a dismissal or a failure to prosecute the plaintiff's action. As by the answer on file the defendant was entitled to prove, upon the trial, if the plaintiff had proceeded to a trial, that the property in question was his, and he had prayed for a return thereof, the court did not err in its action subsequent to the default of the plaintiff, in hearing the defendant's evidence and rendering judgment in his favor, if the evidence showed him entitled thereto.

The remaining question is: Did the court err in overruling the motion of appellant to set aside the default and judgment against him?

The substance of the plaintiff's affidavit was, that for three months preceding, he had resided in the State of Kansas, about 1,000 miles from the place where the Noble Circuit Court was held; that, owing to the serious sickness of his wife, he was not able to start for said court until four days prior to the time said cause was dismissed; that he would have reached Albion, however, on Oct. 22d, if he had not been delayed at Kansas City by a failure to make connection with a train for Chicago; that he thereby lost one day; that he left Chicago by rail on Tuesday evening, Oct. 22d, for Warsaw, In-

diana, with a view to bringing from Bourbon, Marshall county, Indiana, his son Adelbert Williams, a material witness for him; that he had an arrangement with said witness to meet him on the train at Bourbon on Monday evening, Oct. 21st, and that the witness was at Bourbon on said Monday evening, but failed to meet plaintiff by reason of said delay; that plaintiff arrived at Bourbon at 9 P. M., Oct. 22d, and, failing to find the witness at the station, he stopped off and went to the residence of said witness in said town, and there learned that he had gone seven miles into the country on business; that, early the next morning, he hired a team and went after said witness; that, when he found him, there was not time to reach the train on the Baltimore railroad, the direct route to Albion, and plaintiff was obliged to return to Bourbon and take the less direct route *via* Warsaw; that he arrived at Albion as soon as it was possible for him to reach there under the circumstances stated; and but for the delay at Kansas City, he would have reached Albion on Oct. 22d, the day before he was defaulted.

The affidavit further stated that, before leaving Bourbon, on the morning of Oct. 22d, the plaintiff left in the telegraph office at that place a despatch, to be promptly forwarded to his attorney, as follows:

"BOURBON, IND., Oct. 23d.
"To Lawyer Zimmerman, Albion:

"Accident occurred on train. Will be with you to-day.
"DAVID WILLIAMS."

The affidavit also alleged that the plaintiff had a good cause of action, and that he believed he was entitled to and would recover judgment as prayed for in his complaint.

The affidavit of Mr. Zimmerman stated that the Bourbon telegram did not reach him until 1 o'clock P. M., Oct. 23d. The record does not show the hour of the day on which the plaintiff was defaulted, nor that his attorney asked for any delay. We infer, therefore, that the telegram was received after the default, as a faithful attorney would not fail, in such

a case, to inform the court of the cause of his client's absence, and ask a delay of the trial for a few hours.

The affidavit of the plaintiff did not present a legal cause for the relief asked by his motion. It failed to show that the delay at Kansas City caused him to reach Albion too late for trial on October 23d. On the contrary, it disclosed the fact that if he had proceeded on the train he took at Chicago he would have been at Albion on the morning of the 23d, before the cause was called for trial. The cause of his misfortune was that he spent the greater part of the 23d in travelling through Marshall county in search of a witness who had not been subpœnaed, who was beyond the reach of a subpœna from the Noble Circuit Court, and whose deposition had not been taken. The failure to secure the evidence of the witness was not excusable neglect, and the failure of the appellant to be present when the cause was called for trial was not excusable neglect.

As it appears that the appellant could and might have reached Albion in time for the trial, he ought to have shown at least, that he lost some material testimony in consequence of the absence of the witness Adelbert. His affidavit did not inform the court what facts he could prove by said witness, but merely stated in general terms that he was a material witness. This was not the statement of a fact but of the conclusion of the mind of appellant as to the importance of the witness's testimony.

We can not say that the court erred in overruling appellant's motion, and its judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be and the same is hereby in all things affirmed, at the costs of the appellant.

ON PETITION FOR A REHEARING.

FRANKLIN, C.—Appellant, in his petition for a rehearing, insists that the court erred in holding that the affidavit, upon

which the motion to set aside the default was made in the court below, was insufficient.

The only allegation contained in the affidavit, in relation to the nature of the cause of action, is the following: "He further says that he has a good cause of action herein, and believes he is entitled to and will recover judgment as prayed for in his complaint in said action."

This, we think, is not sufficient.

In the case of *Goldsberry* v. *Carter*, 28 Ind. 59, this court held as follows: "The affidavit is defective in not stating the nature of the defence. *Frost et al.* v. *Dodge et al.*, 15 Ind. 139, and the authorities therein cited. The default can only be set aside to let in a defence to the merits, and the nature of the defence must be shown; it is not enough to state that the defendant believes he has a meritorious defence to the action."

We see no reason why the rule which has been applied to defendants, in relation to the nature of their defences, should not be equally applied to plaintiffs, in relation to the nature of their causes of action.

But it is insisted by appellant that the nature of his cause of action was set forth in his affidavit in the original replevin suit. This may be true, but that affidavit constitutes no part of the affidavit or proceedings to set aside the default, and can not be used in connection therewith, unless it had been referred to and made a part of the latter affidavit, which is in no way attempted to be done. For this omission, we think the affidavit to set aside the default was defective, and the petition for a rehearing should be overruled.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the petition for a rehearing be and the same is overruled.