No. 10,808.

## WOODS ET AL. *v.* KESSLER.

REPLEVIN BOND.—*Pleading.*—*Ownership.*—*Res Adjudicata.*—Suit on a replevin bond, averring a judgment of return of the property, or, on failure, for its value found, and for breach a failure to return or pay the value.

*Held,* that an answer by a surety on the bond, that the plaintiff's ownership of the property was subject to a mortgage thereon held by the surety, due and unpaid, was bad; so, also, an answer of property in the principal in the bond, the question of ownership and right to possession being *res adjudicata.*

EVIDENCE.—*Record.*—*Dismissal.*—The dismissal of a cause does not take from the record the papers belonging thereto, and such papers may be used as evidence.

From the Noble Circuit Court.

*T. Woods* and *R. B. Encell,* for appellants.

*A. A. Chapin* and *R. P. Barr,* for appellee.

FRANKLIN, C.—One David Williams sued appellee Kessler, in an action of replevin, for two mules, a set of double harness and a wagon. He filed an undertaking to prosecute the suit to effect and for the return of the property, if awarded, and the payment of any judgment that might be recovered against him in the suit. Appellants and Zimmerman signed the undertaking with Williams.

Appellee filed a general denial, and prayed for a return of the property and damages for its detention. Upon the trial Williams failed to appear; his attorney withdrew his appearance for him; he was defaulted and his cause of action was dismissed.

Appellee demanded a trial upon his answer, and a return of the property and damages. The court granted it, heard the evidence and found for appellee, that he was the owner of the property and entitled to its return, found its value and rendered judgment for its return or payment of its value, with damages and costs. That case was appealed to this court, and the judgment of the lower court affirmed, under

the 2d section of the act of March 5th, 1877. See Acts 1877, p. 102, and *Williams* v. *Kessler*, 82 Ind. 183. In the opinion of which the following language is used: "As by the answer on file the defendant was entitled to prove, upon the trial, if the plaintiff had proceeded to a trial, that the property in question was his, and he had prayed for a return thereof, the court did not err in its action subsequent to the default of the plaintiff, in hearing the defendant's evidence and rendering judgment in his favor, if the evidence showed him entitled thereto." This suit has been brought upon the undertaking in that case.

Appellants Woods and Encell answered in three paragraphs: First, a denial; second, that appellee acquired his title to the property through the son of David Williams, the son through the father, and that prior thereto, while the father owned the property, he executed to said appellant Woods a mortgage upon the same; that the mortgage was still valid and unpaid, and that appellee took said property subject to said mortgage; the third paragraph pleaded property in David Williams.

To these paragraphs of answer a reply was filed in three paragraphs: First, a denial; second, the adjudication as to the ownership of the property in the former case; third, payment to Woods.

The second paragraph alleges, in addition, the identity of the parties to the undertaking, and avers that he purchased the property in good faith for a valuable consideration from Williams' son. A demurrer was overruled to the second paragraph of the reply.

Zimmerman answered by a general denial, and filed a cross complaint against his co-defendants Woods and Encell, alleging that he signed the undertaking as surety for Woods and Encell and not for Williams; and praying that he be exempt from execution until the property of Woods and Encell be exhausted. Appellants replied to this cross complaint by a general denial. Williams had not been served with process.

The cause was tried by the court. A finding was made for the plaintiff, against all the defendants, Woods, Encell and Zimmerman, and for Zimmerman on his cross complaint, against Woods and Encell.

Appellants moved for new trials as against the plaintiff and as against Zimmerman, which motions were overruled and judgment rendered upon the findings.

Various specifications of error have been assigned, some of which have no record foundation, and others have not been referred to by appellants, who have filed a partial brief or statement of the facts and questions they desire presented, promising to file an additional brief containing arguments and authorities; this has not been received. We therefore only examine such questions as have thus been presented.

The overruling of the demurrer to the second paragraph of appellee's reply is the first question presented by appellant. This paragraph of reply was to the second and third paragraphs of appellants' answer, which set up as a defence the mortgage to Woods and property in Williams. It made little or no difference whether this paragraph of the reply was good or bad; if bad, it was good enough for bad paragraphs of answer. The existence of the mortgage to Woods was no defence for Woods and Encell against their liability as surety on Williams' undertaking that he would prosecute his action " with effect and without delay, and return the property in controversy to the defendant, if a return be adjudged by the court, and pay to him all such sums of money as he may recover against the plaintiff in this action for any cause whatever."

They obligated themselves to make good these covenants of Williams, and their liability as such sureties can not be affected by any lien that Woods might have held or may hold upon the property. The question of ownership and the right to possession as between Williams and appellee was finally settled in the former suit, and these questions are *res adjudi-*

Woods *et al. v.* Kessler.

*cata,* and can not, in this suit, be set up as a defence for appellants. The reply was good enough for the answer, and there was no error in overruling the demurrer to it. In support of the foregoing, we cite the following authorities: *Davis* v. *Crow,* 7 Blackf. 129; *Smith* v. *Lisher,* 23 Ind. 500; *Whitney* v. *Lehmer,* 26 Ind. 503; *Carr* v. *Ellis,* 37 Ind. 465; *Landers* v. *George,* 49 Ind. 309.

The only remaining question presented by appellant is in relation to the fourth reason stated for a new trial, and that is, that the court erred in permitting the plaintiff to introduce in evidence the papers in the original replevin suit; for the reason that that cause was dismissed, and the papers no longer remained a part of the record. In this we think appellants are mistaken; the dismissal of the cause did not remove the papers from the record; they remained the same as if the cause had been tried upon the complaint. There was no error in admitting them in evidence.

No sufficient error has been presented to reverse the judgment in favor of appellee.

As to the assignment of errors against Zimmerman on his cross complaint, based upon the overruling of the motion for a new trial as to him, the only reasons stated in the motion are that the finding was contrary to law, and not supported by sufficient evidence. We have examined the evidence and think it clearly tended to support the finding, and the finding was not contrary to law. There was no available error in overruling the motion for a new trial.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.

Filed Nov. 3, 1883.   Petition for a rehearing overruled Jan. 30, 1884.