Filed Dec. 17, 1886.

No. 11,031.

## McFADDEN ET AL. *v.* ROSS ET AL.

REPLEVIN.—*Authority of Person who Makes Seizure.—Sheriff's Return.—Evidence.—Action on Bond.*—Where the plaintiff in a replevin proceeding obtains possession of the property, neither he nor his sureties can, in an action on the bond, impeach the sheriff's return, or question the authority of the person who seized the property upon the writ and from whose hands he accepted it.

SAME.—*Administrator.—Chattel Mortgage.—Mitigation of Damages.—Estoppel.*—Where an administrator has obtained possession of property by proceedings in replevin, he may show in mitigation of damages, in an action on the bond to recover the value of the property, that the estate of which he is administrator holds an unpaid chattel mortgage upon it, unless estopped by the adjudication in the replevin suit.

SAME.—*Former Adjudication.—Question of Title.—Not Determined Unless Distinctly in Issue.*—The action of replevin is possessory in its character, and unless the title to property is distinctly put in issue, the judgment determines nothing beyond the right of possession.

SAME.—*Pleadings.—Matter in Issue.*—Where the pleadings in a replevin suit show that no question of title was involved, a judgment assuming to settle the question of ownership is void.

SAME.—*Collateral Inquiry.*—Where subjects are adjudicated which are not in issue, they may be inquired into collaterally, notwithstanding the judgment.

From the Shelby Circuit Court.

· *B. F. Love, J. B. McFadden, C. A. Ray, F. Knefler* and *J. S. Berryhill*, for appellants.

*E. K. Adams* and *L. J. Hackney*, for appellees.

MITCHELL, J.—Ross and Stumph sued McFadden and Miller on a replevin bond. They charged in their complaint that on the 26th day of March, 1880, they were the owners and in possession of certain personal property of the value of $401.90, and that on that day McFadden, as administrator of the estate of Joseph Nichols, deceased, claiming to be entitled to the possession of the property, instituted a suit in replevin against them in the Shelby Circuit Court, for the recovery of the property described.

It is averred in the complaint that the property was seized by the sheriff upon a writ duly issued at the suit of McFadden, and that by means of the undertaking sued on, which was delivered to and approved by the sheriff, the possession of the property was secured by the plaintiff in the replevin suit. The plaintiffs further charge that after obtaining possession of the property by the means above mentioned, McFadden dismissed his action, after which the court found and adjudged that they—plaintiffs—were the owners, and entitled to the possession, of the property, and that it was of the value of $401.90, and adjudged further that the property should be returned to them, or, in default thereof, that they should have execution against McFadden for the sum above mentioned.

The breach of the undertaking assigned is, that McFadden failed to prosecute the proceedings in replevin with effect, and also failed to return the property, or any part thereof, according to the judgment of the court.

A question as to the sufficiency of the complaint, argued by counsel, has been obviated by the return to a writ of *certiorari*, heretofore ordered.

The learned counsel for appellants also concede, that the

case was eventually tried on the complaint, answer in denial, and a plea of *non est factum*, in which the delivery of the bond sued on was denied.   It results that the questions made having reference to a reply, and some special answers which subsequently went out of the record, are immaterial.

At the trial the appellants admitted the genuineness of their signatures to the bond, and as the approval of the sheriff was endorsed thereon, as of the date of the commencement of the suit, its execution was sufficiently proved to authorize its admission in evidence to the jury.   The objection that the bond was improperly admitted was not, therefore, well made.

During the progress of the trial, the appellants offered evidence tending to prove that the bond was not in fact delivered to the sheriff, but instead was delivered to one Capp, a bailiff of the court.   They offered to prove furthermore, that the writ of replevin was also delivered to and served by Capp; that he seized the goods in controversy, and that neither the sheriff, nor any one properly authorized by him, took the property out of the plaintiffs' possession, or accepted the bond. This evidence was properly refused.

The bond has upon it the approval of the sheriff, and the official return of that officer endorsed upon the writ recites, that he seized the property therein described by virtue of the command of the writ, and that having received an undertaking from the plaintiff which he had approved, he had delivered the property to the plaintiff in the replevin suit.

Having, as it is thus made to appear, acquired possession of the property, through a proceeding set on foot by himself, and through instrumentalities which were apparently regular and satisfactory to him at the time, neither the plaintiff in the replevin suit, nor his surety, will now be heard to impeach the return of the sheriff, and the regularity of the proceedings in replevin, or to question the authority of the person who seized the property upon the writ, and from whose hands he accepted it, as in pursuance of the proceedings so instituted.

What was said in the well considered case of *Harbaugh* v. *Albertson*, 102 Ind. 69, and the cases therein cited, renders it unnecessary that we should consider this point further.

That the writ of replevin under which the property was seized was subsequently quashed on the defendants' motion, does not affect the question.

As has already been seen, McFadden prosecuted the replevin suit, in which the undertaking sued on was filed, as administrator of the estate of Joseph Nichols, deceased. He averred in his complaint that, as such administrator, he was entitled to the possession of the property therein described. The pleadings and proceedings in the replevin suit, which are set out in a bill of exceptions containing the evidence, show that Ross and Stumph claimed to have purchased the property at a constable's sale, which was made to satisfy an execution in their favor, issued upon a judgment recovered by them against one George D. Nichols.

At the trial, the appellants offered to prove by the deposition of George D. Nichols, that a certain chattel mortgage, covering the property in controversy, executed by the witness to Joseph Nichols, deceased, prior to the levy and sale on the Ross and Stumph execution, remained unpaid. This mortgage was given while George D. Nichols owned the property, to secure a debt of $500 due from the mortgagor to Joseph Nichols. Upon the appellees' objection the evidence was excluded.

The appellants contend that it was competent to prove in mitigation of damages, that the Nichols estate, of which McFadden was administrator, held an unpaid chattel mortgage on the property. That the excluded evidence was admissible can not be seriously questioned, unless the finding and judgment in the replevin suit precluded the appellants from availing themselves of the benefit of the unpaid chattel mortgage.

If the appellees were the absolute owners of the property, its value would have been the measure of their damages. If, however, the Nichols estate had a valid subsisting chattel

mortgage upon it, the appellants were entitled to prove the fact in mitigation of damages, provided they were not estopped by the former adjudication. *Wallace* v. *Clark*, 7 Blackf. 298; *Stockwell* v. *Byrne*, 22 Ind. 6; *Miller* v. *Cheney*, 88 Ind. 466; *Smith* v. *Mosby*, 98 Ind. 445.

The replevin case having been disposed of under the act of March 5th, 1877, which provided, in effect, that in case of the dismissal, or failure to prosecute an action in replevin, where the property had been delivered to the plaintiff, the defendant might have judgment for the return of the property, or its value in case a return could not be had, and damages for its detention. The appellees now contend, that notwithstanding the dismissal the court had jurisdiction, under the foregoing act, to proceed and determine the rights of the parties. They rely upon *Williams* v. *Kessler*, 82 Ind. 183, *Woods* v. *Kessler*, 93 Ind. 356, and other cases.

Whatever authority the act referred to may have conferred upon the court, it is impossible to concede that anything outside of the issues in the case pending could have been adjudicated. The complaint in replevin tendered no issue except as to the possession of the property, and it was not competent for the court in any event, whether the case was dismissed or prosecuted to final judgment, to conclude the parties in respect to any matter which was not comprehended within the issues.

The proposition, that the judgment of a court having jurisdiction of the parties and the subject-matter, is conclusive, has become a settled maxim of the law. This, however, means nothing more than that such judgment is conclusive upon all questions which were, or might have been, litigated and determined within the issues before the court.

Neither reason nor authority lends any support to the view, that because suitors have submitted certain designated matters to the consideration of a court, the tribunal is thereby authorized to determine any other matter in which the parties may be interested, whether it be involved in the pending litiga-

tion or not. " Persons by becoming suitors do not place themselves for all purposes under the control of the court, and it is only over those particular interests which they choose to draw in question that a power of judicial decision arises." *Munday* v. *Vail*, 34 N. J. 418. *Fairchild* v. *Lynch*, 99 N. Y. 359 ; *King* v. *Chase*, 15 N. H. 9 (41 Am. Dec. 675) ; *Wood* v. *Jackson*, 8 Wend. 9 (22 Am. Dec. 603) ; *Smith* v. *McCool*, 16 Wallace, 560.; Bigelow Estop., p. 92.

Primarily, the action of replevin is possessory in its character, and, unless the title to property is distinctly put in issue, a judgment in such action determines nothing beyond the right of possession. *Entsminger* v. *Jackson*, 73 Ind. 144 ; *Kramer* v. *Matthews*, 68 Ind. 172 ; *Highnote* v. *White*, 67 Ind. 596 ; *Hoke* v. *Applegate*, 92 Ind. 570 ; *Van Gorder* v. *Smith*, 99 Ind. 404 ; Wells Replevin, section 39.

The general rule is, that the issuable facts or matters, upon which the plaintiff's case proceeded, determine what was in issue, unless it appears from an examination of all the pleadings in a given case, that other matters were brought forward and thus became necessarily involved and determined in the suit. *Goble* v. *Dillon*, 86 Ind. 327 (44 Am. R. 308) ; *Griffin* v. *Wallace*, 66 Ind. 410 ; *Davis* v. *Brown*, 94 U. S. 423 ; *Russell* v. *Place*, 94 U. S. 606 ; *Cromwell* v. *County of Sac*, 94 U. S. 351.

A judgment upon matters not thus in issue is not conclusive, and subjects adjudicated which were not in issue may be inquired into collaterally, notwithstanding the judgment. *Munday* v. *Vail*, *supra;* *Campbell* v. *Consalus*, 25 N. Y. 613, and cases cited.

An examination of the complaint and the pleadings in the replevin suit makes it apparent that no question of title could have been conclusively determined by the judgment in that case. In so far as the court assumed to settle the question of the ownership of the property in controversy, it acted upon a matter not before it, and its finding and judgment were, in that respect, not only irregular, but *coram non judice*, and void. *Munday* v. *Vail*, *supra*.

Conceding that as purchasers at an execution sale, the plaintiffs below were not entitled to take possession of the mortgaged property without complying with the terms of the mortgage, it does not follow from the judgment properly given in the replevin suit, that there was an adjudication that the mortgage debt was paid, or that it did not impose a valid subsisting encumbrance on the mortgaged property notwithstanding the rightful possession of the appellees.

The mortgagee may have waived his right at the time of the sale, and consented that the property be delivered to the purchasers upon condition that they should comply with the terms of the mortgage at a future day, or other circumstances may have appeared, which made the right to the possession of the mortgaged property by the appellees consistent with the qualified ownership of the Nichols estate as mortgagee.

Whatever facts may have been shown, it did not conclusively follow from the adjudication in the replevin suit, as the issue stood, that the appellees were the owners of the property, or that they took it discharged from the chattel mortgage.

The court therefore erred in excluding the testimony under consideration, and for this error the judgment is reversed, with costs.

Filed Sept. 14, 1886; petition for a rehearing overruled Dec. 17, 1886.