CAMPBELL v. COQUARD, *Appellant.*

1. **Partnership Settlement :** INTEREST. Where, on settlement of partnership accounts, the referee allows the defendant ten per cent. interest on the cost of unsettled transactions up to date, it is proper for him to allow plaintiff a like rate of interest on the balance which was retained in defendant's hands from the period the defendant had refused to allow plaintiff to draw any further sums out of the balance which he retained.

2. **Practice in Supreme Court.** The Supreme Court will not pass on rulings against the party not appealing.

3. **Partnership Settlement :** EXPENSE ITEM. A referee, in settling a partnership account, should not allow an expense item where there is no evidence to support it.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*H. A. & A. C. Clover* for appellant.

*Hough, Overall & Judson* for respondent.

SHERWOOD, J.—Plaintiff and defendant entered into an agreement by parol, in 1879, to do business together for joint account in the purchase and sale of such securities as should be agreed upon, sharing in the profits and losses of such joint ventures on the basis of two-fifths to plaintiff, and three-fifths to defendant, the defendant furnishing the money to make the purchases and to "carry" the properties purchased until they could be sold, the "cost of carrying" being added to the original cost. Plaintiff was also allowed for his services the salary of seventy-five dollars per month. Under this agreement, the parties operated extensively until November 1, 1882, when the joint arrangement termi-

nated. At this time several ventures were unadjusted, that is, the securities were still carried on joint account, and plaintiff had a large balance in defendant's hands, the accumulation of profits realized, from time to time, from the joint ventures, amounting to over eleven thousand dollars. Defendant permitted plaintiff to reduce this balance to seventy-five hundred and ninety dollars, but this latter amount he retained and still retains. Some of the ventures outstanding on the date of the termination of the agreement, November 1, were subsequently settled between the parties, but differences arising, this suit was brought for a settlement of what the parties were unable to agree upon—that is, for an accounting of the unadjusted partnership ventures. The right to an accounting was not denied by the defendant, who conceded that he had in his hands both property and money to which plaintiff was entitled. The controversy was as to the amount of such balance.

There was no material conflict in the testimony as to the contract between the parties. The matters in controversy were placed in the hands of a referee, who made his report, which was confirmed by the circuit court. From this judgment, both parties appealed to the St. Louis court of appeals, where the judgment of the lower court was affirmed. From this judgment of affirmance the defendant alone has appealed. His appeal presents but two points, which will now be considered.

I. There was no error in the action of the referee in charging the defendant with ten per cent. interest, from November 1, 1882, to May 21, 1883, on the balance of the money of the plaintiff in his hands. The referee allowed the defendant ten per cent. on the cost of unsettled transactions up to the date last mentioned, and having done this, allowed the plaintiff a like rate of interest on the balance which was retained in the defendant's hands, from November 1, 1882, from which

period the defendant has refused to allow the plaintiff to draw any further sums out of the balance which he retained. The plaintiff, not having appealed to this court, we cannot pass upon the first ruling of the referee, but we discover nothing in the second ruling, considering the circumstances, which would authorize us to say any injustice has been done the defendant in the matter of interest.

II. There was no evidence to support the claim of the defendant against the plaintiff for thirty-one hundred dollars, this charge being a "rough estimate of telegraphic expense, and of plaintiff's portion thereof, alleged to have been incurred during the three years and a half of joint ventures." There was no proof to support this claim. It was first entered on the defendant's books about March 31, 1883, not only after suit was brought, but while the hearing was in progress before the referee. The very fact that no such charge was ever claimed, made, or entered before that period, and until some four years had gone by, is evidence sufficient to condemn it as an afterthought, and as having no valid foundation. *Aull Savings Bank v. Aull*, 80 Mo. 199; 1 Greenl. Evid., sec. 197; *Watkins v. Donnelly*, 88 Mo. 322.

Therefore, the judgment is affirmed; and as there is no merit in this appeal, this will be done with ten per cent. damages. All concur.