No. 17,409.

## MUFFLEY v. TURNER.

FORMER ADJUDICATION.—*Real Estate.—Title.—Leasehold Interest.— Ejectment.*—In an action to quiet title and in ejectment the defendant answered by general denial and by cross-complaint in which he asserted a leasehold interest, and asked that his title thereto be quieted. The action resulted in a judgment that the plaintiff was the owner of the fee; that the cross-complainant owned a leasehold estate in the land in controversy, and that he was entitled to the immediate possession thereof, and that plaintiff unlawfully held the possession, and awarding damages.

*Held,* that such proceedings do not amount to a former adjudication of the question of possession so as to bar an ejectment suit by the tenant of the leasehold estate, the question of possession not having been determined in the former action.

SAME.—*Ejectment.—Damages.—Mesne Profits.*—The question of possession not having been adjudicated in the former action, it follows that damages for unlawful possession could not have been included, and damages should be allowed in a subsequent action for possession for the full amount of mesne profits.

From the Porter Circuit Court.

*N. L. Agnew, D. E. Kelly* and *N. J. Bozarth,* for appellant.

*A. D. Bartholomew,* for appellee.

HACKNEY, J.—This was an action by the appellee against the appellant in ejectment and for damages. He sought to establish a leasehold interest in the south half of lot six, block four, in an addition to the city of Valparaiso.

The only question for decision is as to the effect of a former adjudication between the same parties. That adjudication was in an action by the appellant to quiet title and in ejectment; the appellee answered in general denial and filed a cross-complaint in two paragraphs, in the first of which he pleaded a lease, from a former owner, of the south half of the lot for five years from

July 1, 1890, and of the north half of the lot for ten years from that date; he alleged an adverse claim without right by the appellant and asked to quiet his title.

The second paragraph of cross-complaint alleging a lease by the appellee to the appellant and demanding possession of said south half of the lot was dismissed. The issue upon the cross-complaint was by a general denial. The trial of that cause resulted in a judgment, on the 28th day of June, 1893, that Muffley owned the fee in both halves of said lot subject to a lease by his grantor to Turner, of the south half for five years from the 1st day of June, 1891, and of the north half for ten years from the said 1st day of June, 1891, and that under said lease Turner was entitled to the possession of the south half until June 1, 1896, and of the north half until June 1, 1901.

The trial in the present action resulted in a judgment, on the 17th day of November, 1893, that the appellee owned a leasehold estate in said south half of the lot for five years from July 1, 1890; that he was entitled to the immediate possession thereof; that the appellant unlawfully held the possession, and that appellee should recover $56 as his damages.

In the first case, it will be observed, the plaintiff had no recovery upon the ejectment branch of his complaint and, upon the face of the judgment, his recovery was only as to his ownership of the fee.

As to the defendant's cross-complaint the only issue affirmatively stated was as to the establishment of his leasehold estate. The judgment, by its language, established but the appellant's ownership of the fee and the appellee's ownership of the leasehold. Unless, therefore, it can be held that the first judgment precluded the appellee by some issue impliedly included, or included because it might have been litigated, it can not be held

to constitute a former adjudication of the issue of possession presented in this case. Actions to quiet title and actions for possession are not necessarily connected each with the other, though by statute they may be united. *McFadden* v. *Ross,* 108 Ind. 512; R. S. 1881, section 278, R. S. 1894, section 279.

Neither depends upon the other, for a person may be the owner and not entitled to possession, and he may be entitled to possession and not be the owner.

While the action by Muffley, the first case, involved, upon the issues, both title and possession, he did not receive a judgment for possession. His failure to recover upon that issue can not be regarded as an adjudication in his favor and against Turner; rather, is it not possible that the failure should be regarded as an adjudication in favor of the appellee? However this may be, it is certain, we think, that there was no adjudication as to possession under the complaint in that case. The questions of title were in issue both upon the complaint and the cross-complaint, and any interest challenged by either pleading and not brought forward was foreclosed under the rule urged by the appellant that all questions which might have been litigated were regarded as litigated and put at rest. See *Farrar* v. *Clark,* 97 Ind. 447.

As said in *McFadden* v. *Ross, supra:* "The general rule is, that the issuable facts or matters, upon which the plaintiff's case proceeded, determine what was in issue, unless it appears from an examination of all of the pleadings in a given case, that other matters were brought forward and thus became necessarily involved and determined in the suit."

Examining the cross-complaint and the issue thereon, we can find no trace of claim for possession, and the judgment is not of a character to enlarge upon the issue

of title as presented by the cross-complaint. We conclude, therefore, that the court did not err in denying the proposition that the former action determined the rights of the parties upon the question of possession.

The appellee has assigned and presented as cross-error the action of the trial court in overruling his motion for a new trial.

It is contended that the court, in giving judgment for the mesne profits, assessed the appellee's damages in a sum too small.

Counsel for appellee states that "The court below held that ejectment could be maintained, but that mesne profits could only be recovered from the time judgment was rendered in the last cause (June 28, 1893), and that prior to that the question of mesne profits was adjudicated in the last suit," excepting as to the four months and twenty days thereafter, and until the judgment in the present action."

We have examined the evidence and find that upon that given by the appellee alone, the judgment should have been for a sum much larger than $56, if the right of recovery could extend back of the former judgment, that is to say, if the former proceeding did not presumptively include the element of damages for holding unlawfully. Whether such damages were so included is the question for decision upon the assignment of cross-error.

The damages were incident to the occupancy of the property and were in no respect connected with the conflicting claims of ownership, nor did they attach as a lien upon the property. They were sought in this case by reason of the wrongful holding of possession and not from any supposed injury arising from an adverse claim of title. If an incident to the claim of title they would certainly have been the proper subject of inquiry in the

case involving title.   If we are correct in holding that the question of possession was not adjudicated in the former case it would seem to follow necessarily that the incident, damages, could not have been included.   That claim was purely a personal right and the titles of the parties could not be extended or diminished by it.   The case of *Elwood* v. *Beymer*, 100 Ind. 504, involved the assertion of an equitable lien in partition proceedings and has no relevancy to the question before us.

In our opinion the judgment of the lower court, upon the questions presented by the appellant, was correct and is affirmed, but as to the amount of damages awarded the appellee, the lower court erred in assessing an insufficient sum, and for that error the cause is reversed, with instructions to sustain the appellee's motion for a new trial.

Filed May 28, 1895.