## ALONZO A. THOMAS AND RUTH V. THOMAS, Appellants, v. G. I. GANN, LOYD S. ROBERTS AND MARGARET M. TURNER, Respondents.

**Kansas City Court of Appeals, April 21, 1913.**

1. **EQUITY: Deeds of Trust: Affirmative Relief.** This is an action to cancel a certain promissory note and deed of trust executed and delivered by plaintiffs to the defendants. After the commencement of the suit the parties agreed that plaintiff might deposit with the clerk a sum of money equal to the amount due on the note, and deed of trust, and the deposit should be held pending the disposition of the case. The deposit was made and judgment rendered in accordance with the terms of the agreement. The trial court found that the note evidenced a legal obligation, and ordered the clerk to turn the money over to the defendants. *Held,* that the order for the clerk to pay the money to its lawful owner was within the scope of the issues raised by the pleadings and in no sense may be considered as a judgment for affirmative relief.

2. ————: **Jurisdiction: Rights and Remedies.** Although a court of general jurisdiction acquires complete jurisdiction of the parties and subject-matter of an action, it has no power to render judgment conferring a right or remedy upon one of the parties which is beyond the scope of the issue raised by pleadings.

Appeal from Buchanan Circuit Court.—*Hon. W. D. Rusk,* Judge.

AFFIRMED.

*A. Bowers* for appellants.

*Warren Rodgers* for respondents.

JOHNSON, J.—This is an action in equity to cancel a certain promissory note and deed of trust executed and delivered by plaintiffs to defendant Gann. The petition alleges that the note (the payment of which was secured by the trust deed) was without

consideration and procured by fraud. The answer is a general denial. The record discloses that at a term of court prior to that at which the cause was tried, the parties appeared in court in response to a motion filed by plaintiffs and agreed that plaintiffs might deposit with the clerk a sum of money equal to that due on the note, that a judgment should be entered cancelling the note and trust deed and that the deposit should be held by the clerk pending the disposition of the case. The deposit was made by plaintiffs and judgment was rendered in accordance with the terms of the agreement. Thereafter the deposit was held by the clerk and treated by the court and parties as the legal substitute of the note and trust deed and the cause was tried on the issue raised by the pleadings of whether the note evidenced a valid and legal obligation of plaintiffs or was without consideration and fraudulently procured by defendant Gann. After hearing the evidence the court decided this issue in favor of defendants and the following judgment was entered:

"Come now again the parties plaintiffs and defendants in the above entitled cause, in person and by their attorneys and this cause coming on regularly for hearing and for trial, the court after having seen and heard the evidence adduced, upon the part of both the plaintiffs and defendants, finds the issues herein in favor of the defendants and against the plaintiffs. The court after having heard and seen the evidence, further finds that heretofore at the October term, 1911, of this court, said court entered an order herein on November 27, 1911, permitting the plaintiffs to deposit with the clerk of this court the amount of the note in issue in the above entitled cause and the interest thereon up to the date of deposit, which was then and there deposited in the amount of one hundred and twenty-five dollars, whereupon the court then and there ordered that said note and deed of trust securing the

same and all records thereof cancelled and for naught held, and ordered the said clerk to hold said money pending the disposition of this cause in this court. The court further finds that said deposit was to be held in lieu of said note and to take the place thereof, and to be treated in all respects as if it were the note in issue in this cause. The court further finds that the defendant, G. I. Gann, was at the time of the entry of said order the owner of said note and entitled to the proceeds thereof, and that said defendant G. I. Gann is now entitled to the said deposit with the clerk of this court.

"It is further ordered, adjudged and decreed by the court that the plaintiffs take nothing by their suit and that their petition be dismissed and that the defendants go hence without day and have and recover of and from the plaintiffs their costs herein expended and have execution therefor.

"It is further ordered, adjudged and decreed by the court that the clerk of this court deliver and pay over to the defendant, G. I. Gann, the said deposit of one hundred and twenty-five dollars."

Plaintiffs filed motions for a new trial and in arrest of judgment and on the overruling of those motions brought the case here by appeal.

The only question presented by plaintiffs for our determination arises from that part of the judgment ordering the clerk to pay the deposit to defendant Gann. Counsel contend that in substance that order was a judgment for affirmative relief and since no such relief was prayed for in the answer, its incorporation in the judgment was in excess of the jurisdiction the court had over the cause and, therefore, rendered the judgment void. Though a court of general jurisdiction acquires complete jurisdiction of the parties and subject-matter of an action, it has no power to render a judgment conferring a right or remedy upon one of the parties, which is beyond the scope of the issues

raised by the pleadings. [Boogher v. Frazier, 99 Mo. 325; Powell v. Horrell, 92 Mo. App. 406; Gamble v. Daugherty, 71 Mo. 599; Sache v. Wallace, 101 Minn. 169; Gum-Elastic Co. v. Pub. Co., 140 Ind. 158, 39 N. E. 443; McFadden v. Ross, 108 Ind. 512, 8 N. E. 161; 1 Black on Judgments, secs. 215, 242; Munday v. Vail, 34 N. J. Law, 418; McReynolds v. Stockton, 140 U. S. 254.]

But the order assailed by plaintiffs does not conflict with that rule. The issues raised by the pleadings involved that of Gann's ownership and right to the possession of the note. If supported by a valuable consideration and not procured by fraud, it and its security, the trust deed, were his property. The parties agreed that the money deposited by plaintiffs with the clerk should stand in lieu of the property and be paid to Gann if the issues presented by the pleadings should be determined in his favor and this agreement was made the subject of an interlocutory order or judgment.

The real issue tried by the court was whether plaintiffs or Gann were entitled to the deposit held by the clerk, subject to the orders of the court and when the court adjudged that the money belonged to Gann, the order to the clerk to pay it to its lawful owner was within the scope of the issues raised by the pleadings and in no sense may be considered as a judgment for affirmative relief.

The judgment is affirmed. All concur.